UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/09

ERIC MYRIECKES,

                           Plaintiff,

         -against-

TERI WOODS; TERI WOODS PUBLISHING, LLC;
and CURTIS SMITH,

                       Defendants.

------------------------------------X

08 Civ. 04297 (GBD)(THK)

(PRO SE)

**Report and Recommendation**

**TO: HON. GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff, proceeding pro se, brings this copyright infringement action pursuant to 17 U.S.C. §§ 106(1) and (3). He asserts both federal copyright claims and state common law claims for unfair competition and unjust enrichment. The case has been referred to this Court for general pretrial supervision and Reports and Recommendations on dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). Presently before the Court is Defendant Curtis Smith's motion for summary judgment. For the reasons set forth below, the Court recommends that Smith's motion be granted, and that each of Plaintiff's claims against him be dismissed with prejudice.

### BACKGROUND

Plaintiff's core claim in this case is that Defendants copied from a novel he wrote, titled Street Games, as the basis for a second work published by Defendant Teri Woods Publishing, Inc.

COPIES MAILED
TO COUNSEL OF RECORD ON 3/10/09

("TWP"), titled <u>Deadly Reigns</u>.  Plaintiff alleges that, in early
2005, he sent an original manuscript of his book, then called
"White Heat," to TWP for consideration.  (<u>See</u> Am. Compl. ¶ 15.)
After changing the title, Plaintiff obtained copyright ownership of
<u>Street Games</u> in August of the same year.  <u>Street Games</u> was then
published, distributed, and sold in the United States.[1]  (<u>See</u> <u>id.</u>
¶¶ 16-18.)

In 2004, TWP entered an agreement with Defendant Smith, giving
TWP the publishing rights to a work by Smith titled "Deadly
Raines."  (<u>See</u> Author Publisher Agreement, dated Jan. 19, 2004,
attached as Ex. D to Defendant's Motion for Summary Judgment, dated
July 25, 2008 ("Smith Mot.").)  TWP thereafter published <u>Deadly</u>
<u>Reigns</u>, with authorship attributed to Defendant Teri Woods
("Woods").  (<u>See</u> Am. Compl. ¶ 13.)  Smith suggests that the book is
based on his work.  (<u>See</u> Smith Mot. at 8.)

Plaintiff alleges that Woods and TWP paid Smith to write
<u>Deadly Reigns</u>, along with two other books published by TWP: <u>Deadly</u>
<u>Reigns II</u> and <u>Deadly Reigns III: The Next Generation</u>.  These works
continue the story begun in <u>Deadly Reigns</u>.  (<u>See</u> Am. Compl. ¶¶ 6,
14, 55.)  In addition, Smith has allegedly written and separately
published a fourth book based on the same story and characters,
called, somewhat confusingly, <u>Deadly Reigns: The Next Generation</u>
(not to be mistaken for TWP's <u>Deadly Reigns III: The Next</u>

---

[1] The publisher of <u>Street Games</u> is not a party to this
lawsuit.

Generation).

Deadly Reigns, according to Plaintiff, is substantially copied from his "White Heat" manuscript.  (See Am. Compl. ¶ 27.) Plaintiff does not allege verbatim duplication, but rather that Deadly Reigns makes use of protected story elements from Street Games.  According to Plaintiff, Deadly Reigns II and Deadly Reigns III: The Next Generation, along with Smith's Deadly Reigns: The Next Generation, also derive from those protected elements.

The Court's subject matter jurisdiction is based on Plaintiff's claims of copyright infringement against Woods and TWP. However, Plaintiff asserts only pendent state law claims, and no copyright or other federal claims, against Smith.  First, Plaintiff contends that Smith has been unjustly enriched because he was paid to write the Deadly Reigns books published by TWP, which misappropriated the content of Street Games.  (See id. at 13). Second, Plaintiff claims that Smith has engaged in unfair competition by making use of protected content from Street Games in Deadly Reigns: The Next Generation.  (See Am. Compl. ¶¶ 49-53.)

Plaintiff filed his Amended Complaint in June 2008, and Smith responded in July by moving for summary judgment.  Woods and TWP, believing they had not been properly served with process, did not appear in the case until November, when Plaintiff moved for a default judgment against them.  They opposed Plaintiff's motion and cross-moved to dismiss the Amended Complaint.  By Order dated

3

January 13, 2009, the Court provided notice to Plaintiff that it would convert Woods and TWP's motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.    It invited Plaintiff to submit, by no later than January 30, additional arguments and evidence about the issues raised in Woods and TWP's motion, and indicated that it would issue a Report and Recommendation on each of the pending motions after receiving Plaintiff's supplemental submission.

Plaintiff has since requested two extensions of time in which to file that submission.  He pleads that he is being temporarily detained on "holdover" status while awaiting transfer between federal correctional facilities.  (See Letter from Eric Myrieckes, dated Mar. 3, 2009.)  He claims this has deprived him of the use of a prison law library, and it appears to have disrupted his access to his own mail.  Since Petitioner alleged that he did not even receive the Court's January 13 Order, the Court agreed to grant him until March 27, 2009, to file his supplemental response to Woods and TWP's motion. Meanwhile, Smith's motion has been pending since July.  Therefore, although the Court originally intended to address all motions in one decision, in light of the need to allow Plaintiff additional time to respond to Woods and TWP's motion, it is more appropriate to issue this Report and Recommendation on Smith's motion now, while deferring on the other pending motions.

4

## DISCUSSION

It is clear on the face of the Amended Complaint that Plaintiff's New York state law claims against Smith must be dismissed because they are preempted by federal copyright law. Smith, proceeding <u>pro se</u>, did not address the preemption doctrine in his motion, but merely argued that <u>Deadly Reigns</u> and <u>Street Games</u> are not substantially similar within the meaning of copyright law, and further that he created the story for <u>Deadly Reigns</u> years before Plaintiff submitted the "White Heat" manuscript to TWP. However, in their motion to dismiss, Woods and TWP fully briefed the argument that the Copyright Act preempted Plaintiff's unfair competition claims against them.   Plaintiff filed opposition to Woods and TWP's motion in December, 2008.  He has thus been given notice of the defense that federal law preempts his unfair competition claims, and an opportunity to respond. He has provided no reason to question the conclusion that the Copyright Act governs whatever rights against Defendants he may have.   Therefore, the Court recommends dismissing both of his state law claims against Smith on those grounds.[2]

---

[2] Because Plaintiff only asserted unjust enrichment against Smith, Woods and TWP did not apply their preemption analysis to that claim.  However, Section 301 clearly preempts each of Plaintiff's state law claims against Smith.   Furthermore, as discussed below, the District Court may also invoke its authority to dismiss Plaintiff's claims <u>sua sponte</u> pursuant to the screening provision for <u>in forma pauperis</u> actions such as this one.   <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 301 of the Copyright Act, 17 U.S.C. § 301(a), preempts a state law claim if two elements are satisfied: "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305-06 (2d Cir. 2004). The first prong of the test for applying Section 301, the "subject matter requirement," "is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Id. at 305.

The second prong, or "general scope requirement[,] is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." Id.; accord Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992). "In other words, the state law claim must involve acts of reproduction, adaptation, performance, distribution, or display." Briarpatch, 373 F.3d at 305.

If a state law claim includes any "extra elements that make it qualitatively different from a copyright claim," it is not preempted. Id. at 306; See Altai, 982 F.2d at 716-17 (explaining

6

the "extra element" test for applying the general scope requirement
of preemption under § 301).  Courts "take a restrictive view of
what extra elements transform an otherwise equivalent claim into
one that is qualitatively different from a copyright infringement
claim."  Briarpatch, 373 F.3d at 306.  However, "unfair competition
claims based on breaches of confidential relationships, breaches of
fiduciary duties and trade secrets," see Altai, 982 F.2d at 717,
and those based on "possession and control of chattels," see
Briarpatch, 373 F.3d at 306, are not preempted.

     "It is axiomatic that unfair competition . . . claims grounded
solely in the copying of a plaintiff's protected expression are
preempted by the Copyright Act."  Orange County Choppers, Inc. v.
Olaes Enters., Inc., 497 F. Supp. 2d 541, 556 (S.D.N.Y. 2007)
(internal quotation marks and citations omitted).  In this case,
Plaintiff's allegations show that both his unfair competition claim
and his unjust enrichment claim against Smith fall squarely within
this general rule.  The claims satisfy the subject matter
requirement for preemption because they arise from Defendants'
alleged use of the contents of Street Games.  (See Am. Compl. ¶¶
49-56.)  Obviously, Plaintiff's novel fits one of the "categories
of copyrightable works," which "encompass literary works."
Briarpatch, 373 F.3d at 305; see 17 U.S.C. § 102(a)(1).

     Plaintiff's claims also meet the general scope requirement
because they depend on allegations of "reproduction, adaptation"

and "distribution" of his copyrighted material.  <u>Briarpatch</u>, 373
F.3d at 305.  Specifically, the unfair competition claim seeks
recovery for the "publishing and distributing for profit" by Smith
of <u>Deadly Reigns: The Next Generation</u>. (<u>See</u> Am. Compl. ¶ 51.)
According to Plaintiff, this is a "continuation of [<u>Deadly Reigns</u>]
and, essentially, Plaintiff's [<u>Street Games</u>] novel." (<u>See</u> Am.
Compl. ¶ 50.)  If Plaintiff proved these allegations, Smith's book
would qualify as a derivative work that infringes on Plaintiff's
copyright in <u>Street Games</u>.  <u>See</u> 17 U.S.C. § 103(a)(1) (specifying
that the "subject matter of copyright . . . includes . . .
derivative works"); Melville B. Nimmer & David Nimmer, 1-2 <u>Nimmer</u>
<u>on Copyright</u> § 2.12 (2008) ("Subsequent works in a series (or
sequels) are in a sense derivative works . . . ."); <u>see also</u> <u>Micro</u>
<u>Star v. FormGen, Inc.</u>, 154 F.3d 1107, 1112 (9th Cir. 1998)
(observing that "[a] copyright owner holds the right to create
sequels," and directing the entry of a preliminary injunction
against a party who made unauthorized sequels of the plaintiff's
work).  Thus, the actions allegedly giving rise to Plaintiff's
unfair competition claim would themselves amount to "infring[ing]
one of the exclusive rights provided by federal copyright law," if
proven.  <u>Briarpatch</u>, 373 F.3d at 305.

The same is true of Plaintiff's unjust enrichment claim.  He
avers that TWP paid Smith to write the <u>Deadly Reigns</u> series, which
"exists because of Plaintiff's efforts in <u>Street Games</u>." (<u>See</u> Am.

8

Compl. ¶¶ 6, 55.)  Because <u>Street Games</u> "is a protected work,"
Plaintiff explains, "Smith cannot in equity and good faith
conscience be entitled to retain" the revenues paid to him "as a
result of Plaintiff's labor."  (<u>Id.</u>)  Yet, Smith's alleged
"unlawful conduct" — co-opting the content of <u>Street Games</u> for use
in writing <u>Deadly Reigns</u> and its various sequels — would qualify as
"reproduction" or "adaptation" of Plaintiff's copyrighted work.
(<u>See</u> Am. Compl. ¶ 56.)

Furthermore, Plaintiff does not plead any "extra element" that
would qualitatively distinguish his claims from copyright
infringement.[3]  Plaintiff alleges that Smith has "knowingly and

---

[3] To establish copyright infringement, "two elements must be
proven: (1) ownership of a valid copyright, and (2) copying of
constituent elements of the work that are original."  <u>Feist
Publ'n, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361, 11 S.
Ct. 1282, 1296 (1991).  These elements differ from the elements
of unfair competition and unjust enrichment claims in New York.
"The essence of unfair competition under New York common law is
'the bad faith misappropriation of the labors and expenditures of
another, likely to cause confusion or to deceive purchasers as to
the origin of the goods.'"  <u>Jeffrey Milstein, Inc. v. Greger,
Lawlor, Roth, Inc.</u>, 58 F.3d 27, 34-35 (2d Cir. 1995) (quoting
<u>Rosenfeld v. W.B. Saunders, A Division of Harcourt Brace
Jovanovich, Inc.</u>, 728 F. Supp. 236, 249-50 (S.D.N.Y. 1990)); <u>see
Beverage Mktg. USA, Inc. v. South Beach Beverage Co. Inc.</u>, 799
N.Y.S. 2d 242, 244, 20 A.D.3d 439, 440 (2d Dep't 2005) (noting
that a claim of unfair competition was "based upon the alleged
bad faith misappropriation of a commercial advantage belonging to
another by exploitation of proprietary information or trade
secrets") (quotation marks and citation omitted).  An unjust
enrichment claim in New York requires proof that: "(1) defendant
was enriched, (2) at plaintiff's expense, and (3) equity and good
conscience militate against permitting defendant to retain what
plaintiff is seeking to recover."  <u>Briarpatch</u>, 373 F.3d at 306
(citing <u>Clark v. Daby</u>, 300 A.D.2d 732, 732-33, 751 N.Y.S.2d 622,
623 (3d Dep't 2002)).  However, as explained below, the formal

9

deliberately confused consumers nationwide as to the origin" of each of the <u>Deadly Reigns</u> novels, "since [they are] inextricably affiliated" with <u>Street Games</u>.   (Am. Compl. ¶ 51.)

First, "an action will not be saved from preemption by elements such as awareness or intent," such as the "knowing" and "deliberate" conduct Plaintiff alleges.   See <u>Altai</u>, 982 F.2d at 717.   These elements "alter the action's scope but not its nature." <u>Id.</u> (quotation marks and citation omitted); <u>see</u> <u>Briarpatch</u>, 373 F.3d at 305; <u>Orange County Choppers</u>, 497 F. Supp. 2d at 556 (quoting <u>Samara Bros., Inc. v. Wal-Mart Stores, Inc.</u>, 165 F.3d 120, 131 (2d Cir. 1998), <u>rev'd on other grounds</u>, 520 U.S. 205, 120 S. Ct. 1339 (2000)).

Second, Plaintiff's reference to consumer confusion reflects the fact that unfair competition claims are often predicated on what is known as "reverse passing off."   See <u>Integrative Nutrition, Inc. v. Academy of Healing Nutrition</u>, 476 F. Supp. 2d 291, 297 (S.D.N.Y. 2007).   This happens where "the alleged infringer sells the plaintiff's products as its own," resulting in consumer misunderstanding about who authored the defendant's work.   <u>Id.</u> In other words, the defendant dupes the public into thinking he created something that was actually stolen from the plaintiff.

---

differences between these claims and copyright claims affect "the scope of the claim[s]" that Plaintiff has alleged, rather than their "fundamental elements" for purposes of determining whether they are preempted under Section 301.   <u>Id.</u> at 306.

10

Such a claim "is in fact a disguised copyright infringement claim, and hence preempted." Id. (quoting 1-1 Nimmer on Copyright § 1.01[B][1][e]); accord American Movie Classics Co. v. Turner Entm't Co., 922 F. Supp. 926, 934 (S.D.N.Y. 1996) ("[The plaintiff's] claim is . . . akin to 'reverse passing off,' because [the defendant] is essentially accused of exhibiting films which [the plaintiff] had exclusive rights to exhibit. This 'reverse passing off' claim is equivalent to a claim for copyright infringement.")

Neither does the need to prove that Smith was "enriched" transform Plaintiff's unjust enrichment claim into anything substantively different from copyright infringement. "While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim. Like the elements of awareness or intent, the enrichment element here limits the scope of the claim but leaves its fundamental nature unaltered." Briarpatch, 373 F.3d at 306.

For the foregoing reasons, Plaintiff's New York state law claims against Smith are preempted by the Copyright Act. As noted above, Woods and TWP raised the issue of preemption in their motion to dismiss. In his opposition, Plaintiff did not even address their argument that Section 301 preempts his unfair competition claims, let alone "suggest[] any way in which" his state law "claim[s] can be repleaded to avoid § 301 preemption." Atrium

11

<u>Group de Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.</u>,
565 F. Supp. 2d 505, 510-11 (S.D.N.Y. 2008) (dismissing a preempted
state claim with prejudice despite Plaintiff's request for leave to
amend).   Therefore, Plaintiff's claims against Smith should be
dismissed with prejudice.

As additional authority for dismissing claims against Smith
without leave to amend, notwithstanding the fact that Smith did not
raise the defense of preemption, 28 U.S.C.A. § 1915(e)(2)(B)(ii)
authorizes <u>sua</u> <u>sponte</u> dismissal of an <u>in forma pauperis</u> action,
such as Plaintiff's, that "fails to state a claim on which relief
can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).   Like § 1915A,
which allows a court to dismiss facially deficient civil actions by
prisoners against government officials <u>sua</u> <u>sponte</u>, § 1915(e)
provides "an efficient means by which a court can screen for and
dismiss legally insufficient claims." <u>Abbas v. Dixon</u>, 480 F.3d
636, 639 (2d Cir. 2007).   The Second Circuit has withheld decision
on whether, like § 1915A, § 1915(e) authorizes <u>sua</u> <u>sponte</u>
dismissals with prejudice. <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d
Cir. 2004) ("We see no need to resolve that question at this time
as § 1915A permits dismissal with prejudice.").   Particularly for
<u>in forma pauperis</u> actions, "notice and an opportunity to be heard
is often necessary to establish the fairness and reliability of a
dismissal." <u>Abbas</u>, 480 F.3d at 639.   However, such precautions may
be unnecessary if "it is unmistakably clear that the court lacks

12

jurisdiction, or that the complaint lacks merit or is otherwise defective." <u>Mojias v. Johnson</u>, 351 F.3d 606, 610-11 (2d Cir. 2003) (quoting <u>Snider v. Melindez</u>, 199 F.3d 108, 113 (2d Cir. 1999)).

There is no way for Plaintiff to reformulate his state law claims such that they do not derive from the misappropriation of the content of <u>Street Games</u>. Thus, he cannot sidestep preemption under Section 301 of the Copyright Act, and allowing him to plead those claims again would be futile. <u>See</u> <u>Carney v. NYS Div. Of Housing and Community Renewal</u>, 976 F. Supp 259, 262 (S.D.N.Y. 1997) (dismissing employment discrimination claims <u>sua</u> <u>sponte</u> pursuant to § 1915(e) where complaint failed to state a claim for relief and court lacked subject matter jurisdiction); <u>see also</u> <u>Van Buskirk v. The New York Times Co.</u>, 325 F.3d 87, 92 (2d Cir. 2003) (affirming the dismissal of a complaint with prejudice where "further amendment . . . would be futile"); <u>Nwakocha v. Sadowski</u>, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court . . . has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources."). Furthermore, Plaintiff received Woods and TWP's motion to dismiss and filed opposition. He thus had notice and the opportunity to respond to the contention that his unfair competition claims are preempted, although he failed to refute it. He will also have the opportunity to object to this Report and Recommendation. That Plaintiff has been afforded ample "opportunity to be heard" about

whether his state law claims are preempted further assures the "fairness and reliability" of dismissing the claims against Smith with prejudice.  See Abbas, 480 F.3d at 639.

### CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiffs' claims against Smith be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6(a) and (d).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable George B. Daniels, and to the chambers of the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge Daniels.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 10, 2009
      New York, New York

14

Copies Sent to:

Eric L. Myrieckes
11013-068
United States Penitentiary, Atlanta
P.O. Box 150160
Atlanta, GA 30315

John Pelosi, Esq.
Pelosi Wolf Effron & Spates LLP
233 Broadway, 22nd Floor
New York, New York 10279

Curtis Smith
9622 Discovery Rise
Converse, TX 78109