```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-1 DEC. 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERIC MYRIECKES,                         :
                                        :
                    Plaintiff,          :
                                        :
        -v-                             :        MEMORANDUM DECISION
                                        :        AND ORDER
TERI WOODS; TERI WOODS PUBLISHING,      :        08 Civ. 4297 (GBD)(THK)
LLC AND CURTIS SMITH,                   :
                                        :
                    Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Eric Myrieckes brings this action against author Teri Woods and her publishing

company, Teri Woods Publishing ("TWP"), alleging copyright infringement pursuant to 17

U.S.C. §§ 106(1) and (3). Plaintiff alleges that Defendant's book Deadly Reign is substantially

similar to Plaintiff's book Street Games and therefore violates Plaintiff's copyright in his work.

Before this Court are (1) Plaintiff's Motion for Default Judgment against Defendants and (2)

Defendants' Motion to Dismiss.

This Court referred the matter to Magistrate Judge Theodore Katz for a Report and

Recommendation. Magistrate Judge Katz issued a Report and Recommendation ("Report")

recommending: (1) Plaintiff's Motion for Default Judgment be denied and (2) Defendants'

Motion to Dismiss be converted to a motion for summary judgment and be granted.

The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections

to the Report, the Court must make a de novo determination of those portions of the Report to

which objections are made.  Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y.

2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  See FED. R. CIV. P. 72(B); 28 U.S.C. § 636(b)(1)(c).  It is not required, however, that the Court conduct a de novo hearing on the matter.  See United States v. Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Katz advised Plaintiff that failure to file timely objections to the Report would constitute a waiver of those objections.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). Plaintiff timely objected to Magistrate Judge Katz's recommendation that this Court grant Defendant's converted Motion for Summary Judgment on their federal copyright claims. He did not object to the Magistrate Judge's recommendation that this Court deny Plaintiff's Motion for Default Judgment or grant Defendants' Motion to Dismiss as to the state law claims. This Court considered the Report in light of Plaintiff's objections and adopts the Report's recommendations in its entirety.

### Motion for Default Judgment

Magistrate Judge Katz properly concluded that the Court should examine three factors when determining whether to grant or deny a motion for default judgment: (1) whether the failure to respond was willful; (2) whether defendants have a meritorious defense, and (3) whether plaintiff was prejudiced by the delay. Pecarsky v. Glaxiword.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). As to the willfulness prong, the Magistrate Judge properly concluded that to

2

find willfulness, this Court must find that Defendants' failure to respond was because of "more than mere negligence or carelessness." Westvaco Corp. v. Viva Magnetics Ltd., 2002 WL 1683454 at *2 (S.D.N.Y. 2002)(citing to SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). Woods and her counsel believed that service was deficient because they mistakenly believed that Plaintiff had only served Woods through the mail. Though this could have been resolved by simply asking Woods' secretary, their failure to respond was at most negligent and does not evidence bad faith. See Westvaco, 2002 WL 1683454 at *3 (finding that it was not willful and therefore did not warrant entry of default judgment when defendant erroneously believed that service was improper). Because Woods and TWP were not more than negligent, this factor does not weigh dispositively in favor of granting default judgment.

The Magistrate Judge properly concluded that Woods and TWP demonstrated they have a meritorious defense to the claims. The test for the meritorious defense prong is "whether the evidence submitted, if proven at trial, would constitute a complete defense."Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). It is a low threshold. Holford USA Ltd. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. 1996). Woods and TWP have submitted evidence in their motion to dismiss papers which constitutes a complete defense. Further, the Magistrate Judge properly concluded that Plaintiff was not prejudiced by the two month delay. His recovery is not thwarted nor has discovery been made more difficult given the short passage of time. See New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005). Because the factors weigh against granting the extraordinary remedy of default judgment, Plaintiff's Motion for Default Judgment is denied.

**Summary Judgment Motion**

In his Complaint, Plaintiff alleges a violation of federal copyright laws and state law claims for unfair competition. As to the latter, the Magistrate Judge properly concluded that these claims are disguised copyright infringement claims and are preempted by federal copyright

find willfulness, this Court must find that Defendants' failure to respond was because of "more than mere negligence or carelessness." Westvaco Corp. v. Viva Magnetics Ltd., 2002 WL 1683454 at *2 (S.D.N.Y. 2002)(citing to SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). Woods and her counsel believed that service was deficient because they mistakenly believed that Plaintiff had only served Woods through the mail. Though this could have been resolved by simply asking Woods' secretary, their failure to respond was at most negligent and does not evidence bad faith. See Westvaco, 2002 WL 1683454 at *3 (finding that it was not willful and therefore did not warrant entry of default judgment when defendant erroneously believed that service was improper). Because Woods and TWP were not more than negligent, this factor does not weigh dispositively in favor of granting default judgment.

The Magistrate Judge properly concluded that Woods and TWP demonstrated they have a meritorious defense to the claims. The test for the meritorious defense prong is "whether the evidence submitted, if proven at trial, would constitute a complete defense."Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). It is a low threshold. Holford USA Ltd. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. 1996). Woods and TWP have submitted evidence in their motion to dismiss papers which constitutes a complete defense. Further, the Magistrate Judge properly concluded that Plaintiff was not prejudiced by the twomonth delay. His recovery is not thwarted nor has discovery been made more difficult given the short passage of time. See New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005). Because the factors weigh against granting the extraordinary remedy of default judgment, Plaintiff's Motion for Default Judgment is denied.

### Summary Judgment Motion

In his Complaint, Plaintiff alleges a violation of federal copyright laws and state law claims for unfair competition. As to the latter, the Magistrate Judge properly concluded that these claims are disguised copyright infringement claims and are preempted by federal copyright

3

laws. Integrative Nutrition Inc. v. Academy of Healing Nutrition, 476 F. Supp. 2d 291, 297

(S.D.N.Y. 2007). As to the former, the Magistrate Judge properly converted Defendants' Motion

to Dismiss into a Motion for Summary Judgment. Pursuant to FED. R. CIV. P. 12(D), this Court,

in its discretion, may convert a motion to dismiss into one for summary judgment whenever

matters outside the pleadings are accepted and considered by the court. FED R. CIV. P. 12(D)[1]; see

also Mallery v. NBC Universal, Inc., 2007 WL 4258196 at *2 (S.D.N.Y. 2007), aff'd 331

Fed.Appx. 821 (2d Cir. 2009). Such conversion is proper here given that Defendants' arguments

focus almost exclusively on whether the two works are substantially similar. See id. (finding it

proper to convert a motion to dismiss into a motion for summary judgment without notice when

the parties argued over "whether the alleged similarities relate to the noncopyrightable

elements."). Further, the Magistrate Judge provided the parties ample notice of the potential

conversion by issuing an order to that effect.

The Magistrate Judge properly concluded that while substantial similarity is a matter of

fact, summary judgment in copyright cases is proper "either when the similarity concerns only

noncopyrightable elements of plaintiff's work, or when no reasonable trier of fact could find the

---

[1] Plaintiff's argument that this motion is not ripe for conversion is without merit. It would render the 12(d) conversion rule a nullity if courts were to require that in every case discovery be completed before a 12(b)(6) motion to dismiss could be converted into a motion for summary judgment. Of course, when a district court converts a 12(b)(6) motion to one of summary judgment, it must give parties a reasonable opportunity to present all material relevant under Rule 56 and a chance to pursue reasonable discovery. See Taylor v. F.D.I.C., 132 F.32 753, 766 (D.C. Cir. 1997). Further, under FED. R. CIV. P. 56(F), the Second Circuit has established a four part test when a nonmovant opposes summary judgment on the grounds that additional discovery is needed. See Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir.1999) (quoting Meloff v. N.Y. Life Ins. Co., 51 F.3d 372, 375 (2d Cir.1995)); Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir.1994). The nonmoving party must submit affidavits that establish:"(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Gurary, 190 F.3d at 43 (citation omitted). Plaintiff has not submitted such an affidavit. Further discovery would not be useful in this case or create a genuine issue of material fact as the only issue on the converted motion for summary judgment is whether a reasonable jury could find that the two books are substantially similar. See Mallery, 2007 WL 4258196 at *2

4

works substantially similar." Id. (Citing to Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986)). The similarities shared must be beyond just generalized ideas or themes. See Warner Bros., Inc. v. American Broadcasting Co., 654 F.2d 204, 208 (2d Cir. 1981). A court examines the similarities between the two literary works in such aspects as the total concept and feel, theme, characters, plot, sequence, pace and setting of the works. Williams v. Crichton, 84 F.3d 581 (2d Cir. 1996). Copyright protection does not extend to "themes commonly linked to a particular genre. [For example], [f]oot chases and the morale problems of policemen, not to mention the familiar figure of the Irish cop, are venerable and often-recurring themes of police fiction." Walker v. Time Life Films, Inc., 784 F.2d 44, 50 (2d Cir. 1986).

In determining that no reasonable trier of fact could find that the two works are substantially similar under the copyright law, this Court incorporates the Magistrate Judge's thorough analysis of the two works. See Report at 19-47. In essence, the two works may tell somewhat similar stories but when the works are examined at the next level of specificity, the differences in plot, theme, and structure far outweigh the general likeness and preclude any reasonable trier of fact from finding substantial similarity. See Walker, 784 F.2d at 49. Scenes a faire based upon generalized concepts or the typical qualities of stock characters does not suffice. See id. The stories here and their two main characters share little in common. This does not amount to copyright infringement. See Arapia v. Anheuser-Busch Corp., 55 F. Supp. 2d 151, 161 (W.D.N.Y. 1999) (finding that two television commercials that both used talking frogs did not amount to copyright infringement when there were "vast differences between the attributes and traits of the parties' frogs")(internal quotation marks omitted).

The Magistrate Judge correctly concluded that no reasonable trier of fact could determine that the two works are substantially similar under the copyright law.

### Conclusion

This Court adopts Magistrate Judge Katz's Report and Recommendation. Plaintiff's Motion for Default Judgment is denied. Defendants' Motion for Summary Judgment dismissing all of Plaintiff's claims is granted.

Dated: November 30, 2010
     New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge